573 N.E.2d 378 (1991)
214 Ill. App.3d 297
157 Ill.Dec. 960
In re C.K., a Minor (Gail Kaplan, Petitioner-Appellee,
v.
The People of the State of Illinois, Respondent-Appellant).
No. 2-90-0591.
Appellate Court of Illinois, Second District.
June 6, 1991.
*379 Michael J. Waller, Lake County State's Attorney, Waukegan, Ill., William L. Browers, Deputy Director, Mary Beth Burns, State's Attorneys Appellate Prosecutor, Elgin, Ill., for People.
Deborah W. Owens, Susan Einspar-Wayne, Oak Park, Ill., for Gail Kaplan.
Presiding Justice REINHARD delivered the opinion of the court:
During the course of proceedings under the Juvenile Court Act of 1987 (Ill.Rev. Stat.1989, ch. 37, par. 801-1 et seq.), the circuit court of Lake County entered an order directing the State to pay attorney fees to petitioner, Gail Kaplan, who was subpoenaed as a witness in the proceedings. The State appeals.
The sole issue presented on appeal is whether the trial court's award of attorney fees was authorized by Supreme Court Rule 137 (134 Ill.2d R. 137).
These proceedings commenced when the State filed a petition for an adjudication of the wardship of C.K., a minor. The petition alleged that C.K. was dependent as a result of his mother's physical or mental disabilities. During the pendency of the action, the circuit court ordered a mental health examination of C.K. and his mother. The court ordered C.K.'s mother to sign a release so that the examination results would be provided to the court. Subsequently, C.K.'s mother underwent psychological testing and evaluation by Dr. Gail Kaplan. A hearing on the State's wardship petition was set, and subpoenas were issued to several witnesses, including Dr. Kaplan.
Dr. Kaplan responded with a motion to quash the subpoena served on her and a motion for a protective order. She alleged that she had not been paid any witness or mileage fees, that she had not been assured that her professional fee for testifying would be paid, and that the information about which she was requested to testify was privileged under the Mental Health and Developmental Disabilities Confidentiality Act (Ill.Rev.Stat.1989, ch. 91½, par. 801 et seq.). Dr. Kaplan requested, inter alia, an award of the attorney fees and costs she incurred in bringing her motions.
Following a hearing on Dr. Kaplan's motions, the court determined that the examination was court ordered and that C.K.'s mother had signed a release. The court did, however, order that the records be sealed after the hearing. The court also granted Dr. Kaplan's motion for statutory witness and mileage fees and for expert witness fees and ordered the State's Attorney's office, as the entity which had issued the subpoena, to pay those fees. The issue of attorney fees was reserved.
The State subsequently elected not to call Dr. Kaplan as a witness at the wardship hearing. C.K. was found to be a neglected minor, and he was made a ward of the court. His mother's motion to vacate the adjudication of wardship was denied.
Subsequently, Dr. Kaplan filed a petition for attorney fees in which she alleged that she had incurred $675 in attorney fees in this matter, including the cost of the fee petition itself. Following a hearing, the court determined that the State's Attorney's office should pay $400 toward Dr. Kaplan's attorney fees as a result of its "failure to serve Dr. Kaplan with the proper mileage/witness fee pursuant to Supreme Court Rule 237(a) and failure to serve Dr. Kaplan proper notice of waiver of confidentiality, etc., to prevent her need to seek a protective order."
The State filed a motion to reconsider the fee award on the basis that the award was unauthorized by statute and not agreed upon by the parties. The trial court denied *380 the motion and also determined that the order awarding fees would not be automatically stayed pending appeal because more than 30 days had passed since the order was entered.
On appeal, the State contends that attorney fees may be awarded only where they are expressly authorized by statute or by agreement of the parties. (See Saltiel v. Olsen (1981), 85 Ill.2d 484, 488, 55 Ill. Dec. 830, 426 N.E.2d 1204.) Clearly, there was no agreement for fees in the instant case, nor does the Juvenile Court Act provide for such fees. Dr. Kaplan contends, however, that the attorney fees were awarded pursuant to Supreme Court Rule 137 (134 Ill.2d R. 137) as a sanction for the State's violation of the subpoena requirements.
We initially point out that the trial court never specified the authority pursuant to which it awarded attorney fees. Similarly, Rule 137 was never asserted as the basis of Dr. Kaplan's request for fees prior to appeal. Given the language and tenor of the court's order, however, it appears that the fees were awarded as a sanction. A judgment may be sustained upon any grounds warranted (Material Service Corp. v. Department of Revenue (1983), 98 Ill.2d 382, 387, 75 Ill.Dec. 219, 457 N.E.2d 9), so we will examine whether the trial court's award of attorney fees in the instant case is authorized by Rule 137.
Rule 137 provides, in pertinent part, as follows:
"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record * * *. A party who is not represented by an attorney shall sign his pleading, motion, or other paper * * *. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by * * * law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. * * * If a pleading, motion, or other paper is signed in violation of this rule, the court * * * may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party * * * the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." (Emphasis added.) 134 Ill.2d R. 137.
We conclude that there is no basis for the application of Rule 137 to the allegedly improper issuance of a subpoena to a witness. A subpoena is not a "paper of a party" because it is issued by the circuit clerk, albeit at the request of a party. Further, a subpoena is not signed by a party or a party's attorney; it is signed by the circuit clerk, although the attorney's name, in this case the assistant State's Attorney's, appears on the paper. Rule 137 applies where a "a pleading, motion, or other paper is signed in violation of" the rule (emphasis added) (134 Ill.2d R. 137) and does not apply where no pleading, motion or other paper is signed (see International Amphitheatre Co. v. Vanguard Underwriters Insurance Co. (1988), 177 Ill.App.3d 555, 572-73, 126 Ill.Dec. 808, 532 N.E.2d 493 (referring to Ill.Rev.Stat.1987, ch. 110, par. 2-611, the statutory predecessor of Rule 137)). It does not provide a sanction against all asserted violations of court rules and for all acts of professional misconduct of an attorney. (See Tabor & Co. v. Gorenz (1976), 43 Ill.App.3d 124, 132, 1 Ill.Dec. 868, 356 N.E.2d 1150.) Finally, while the rule allows for an award of attorney fees "to the other party," it is not clear that nonparties to the action may seek attorney fees as a sanction.
Rule 137, therefore, does not authorize the imposition of sanctions in the instant case, so we need not examine the parties' arguments as to whether there was good cause for the issuance of an award pursuant to Rule 137. The only other basis for the imposition of such a sanction urged by Dr. Kaplan is her assertion that the conduct of the assistant State's Attorney was *381 contemptuous. However, the trial court did not find the assistant State's Attorney in contempt, so the fee award cannot be construed as a sanction imposed for contempt.
Finding no basis for an award of attorney fees in the instant case, the order of the circuit court assessing attorney fees against the State must be reversed.
The order of the circuit court of Lake County is reversed.
Reversed.
INGLIS and UNVERZAGT, JJ., concur.